IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD GILBERT, <br> TDCJ-CID NO. 1236206, <br><br> Plaintiff, <br><br> v. <br><br> RODNEY E. DEWALT, et al., <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-11-4048 |

## MEMORANDUM OPINION AND ORDER

The court dismissed, as frivolous, the complaint filed by state prisoner Gerald Gilbert after considering all of Gilbert's pleadings, including his responses to the court's Order for More Definite Statement. Gilbert has moved for reconsideration of the dismissal and for additional time to move for reconsideration. The court will deny the motions.

Liberally construed, Gilbert's motions challenge the court's decision regarding the merits of his pleadings. The incident that was the primary basis of Gilbert's complaint was a pat-down search by a prison guard. Gilbert argued that the guard sexually assaulted him by squeezing his chest, buttocks, and thighs. He further contended that the guard conducted the search in retaliation for a grievance filed by Gilbert against the guard four years earlier. Gilbert also sued other prison officials for allegedly failing to conduct a thorough investigation after he

filed a grievance in response to the purported sexual assault. He contended that the officials were involved in a conspiracy to deny him due process. In a supplemental complaint Gilbert alleged inadequacies in the unit library, such as limited use of copiers and scanners. He also complained that the staff impeded his research efforts, and he argued that he was entitled to unrestricted access to a computer, on-line legal research, and certified mail.

The court dismissed the case, noting that Gilbert failed to allege any physical injury resulting from the guard's search, which consisted of no more than a few harsh pinches. See Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The court further noted that Gilbert's retaliation claims rested on conclusory allegations based on a remote grievance that was filed some years earlier. See Enlow v. Tishomingo County, Miss., 45 F.3d 885, 889 (5th Cir. 1995). The court also found that Gilbert's complaint about the unsatisfactory response to his grievance about the search failed to assert an actionable claim because no right had been implicated. Finally, the court dismissed Gilbert's denial-of-access-to-the-courts claim because he had failed to show that any prison officials had impeded his efforts to present a claim challenging the validity or conditions of his incarceration. Lewis v. Casey, 116 S.Ct. 2174, 2182-83 (1996). In doing so, the court observed that Gilbert had submitted lengthy pleadings and had demonstrated that he was

provided the means to conduct basic legal research and draft acceptable pleadings.

Gilbert's current motions (Docket Entry Nos. 16 and 20) reiterate his earlier complaints about the alleged inadequacies of the legal resources available to him. Gilbert contends that he must wait up to an hour for copies of a case that he requested (Docket Entry No. 16 at 1). He also claims that if a case is on the internet, he may have to wait three days to one week for a printout. He also restates his desire to seek redress for the alleged sexual assault and denial of due process in response to his grievances. However, he asserts no new facts in support of his motions.

The court ordered Gilbert to submit a Definite Statement, so he had a reasonable opportunity to set forth his best case. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999). Although the court carefully considered all of Gilbert's lengthy pleadings, he failed to present any claim that is not frivolous. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

Therefore, plaintiff's Motion for Reconsideration, Time Extension to File (Docket Entry No. 16) and Amendment to Motion for Reconsideration (Docket Entry No. 20) are **DENIED**.

**SIGNED** at Houston, Texas, on this 28th day of September, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE